```
        UNITED STATES DISTRICT COURT
    FOR THE EASTERN DISTRICT OF VIRGINIA
              Norfolk Division
```

**Tony Ervin LOPEZ, #71964-083,**

        **Petitioner,**

v.                                    CIVIL ACTION No. 2:18-cv-322

**J. RAY ORMOND, Warden,**
**FCC Petersburg (Low),**

**And HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        **Respondents.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Tony Ervin Lopez ("Petitioner" or "Lopez") alleges that the Federal Bureau of Prisons ("BOP") has failed to comply with the terms of his federal sentence. Lopez seeks an order from this court removing a detainer in favor of the Virginia Department of Corrections ("VDOC") and directing the BOP to run to run a one-year state sentence concurrent with his present federal sentence. Lopez argues that the BOP's failure to run the state and federal sentences concurrently violates the federal sentencing judge's express direction that the federal sentence was to be concurrent to the prior-imposed state sentence.

Lopez originally named J. Ray Ormond ("Ormond"), Warden of the federal facility where Lopez is incarcerated, as the sole respondent in this action. After Ormond filed a Motion to Dismiss

1

the Petition, or in the Alternative for Summary Judgment, (ECF No. 9), this court ordered that Harold Clarke ("Clarke"), Director of the Virginia Department of Corrections, be joined as a respondent and the Petition served on him, March 1, 2019 Order (ECF No. 19). Respondent Clarke thereafter filed a Motion to Dismiss the Petition, or in the Alternative for Summary Judgment. (ECF No. 23). The matter is now before the court on these motions. For the reasons detailed below, the undersigned recommends the court GRANT both Respondent Ormond and Respondent Clarke's Motions (ECF Nos. 19 & 23) and DISMISS the Petition with prejudice.

## I. Statement of the Case

### A. Criminal Prosecution and Sentencing History

This court previously summarized the facts underlying Lopez's conviction and sentencing in its March 1 Order (ECF No. 19). Because that history bears on the questions addressed in this Report, the summary is reproduced here.

On January 29, 2006, Lopez was arrested in Virginia for possession of a controlled substance. He was released on bond the next day. He was apparently tried by the court without a jury on February 16, 2007 and found guilty. The matter was continued for

sentencing with Lopez apparently remaining on bond.[1] On March 13, 2007, the U.S. Marshals Service arrested Petitioner on apparently related federal charges. He was denied bond on the federal charges and held in custody to await trial. On June 13, 2007, the federal government transferred him to temporary state custody on a state writ of habeas corpus ad prosequendum for a sentencing hearing on the state charges. The state court sentenced him to a three-year term of imprisonment with two years suspended. The sentencing order was silent as to how that sentence was to run in conjunction with any yet-to-be-imposed federal sentence. Lopez was returned to federal custody immediately after the state sentencing proceedings. Resp't's Mem. Supp. Mot. Dismiss or Summ. J., Ex. 1, Decl. of Barbara Crowe ¶¶ 3-5 (ECF No. 10-1 at 1-2).

On August 11, 2007, Lopez was sentenced following his guilty plea on the federal charges. The federal sentencing judge expressly directed that the federal sentence was to run concurrent with the state sentence, which had already been imposed. Id. ¶ 6, Attach. 7. After his incarceration, in response to a BOP inquiry, the Virginia DOC sent a letter to the BOP requesting placement of a

---

[1] These dates are derived from the docket in Lopez's state proceedings. See Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (federal court can consider matters of public record in prior state court proceedings in conjunction with Rule 12(b)(6) motion).

detainer on Petitioner for the one-year state sentence. The letter advised that the state sentence would be served consecutive to the federal sentence. Id. ¶ 8, Attach. 9. BOP notified DOC that the detainer had been filed by letter dated September 25, 2007. Id. ¶ 9, Attach. 10.

Lopez wrote to the Orange County, Virginia Circuit Court inquiring about the detainer, noting that the district court imposed its sentence concurrently with the state sentence. The materials in the present record do not indicate whether he filed a state habeas petition or merely a letter inquiry, but on September 8, 2017, the Virginia Circuit Court responded with a letter advising him that it had "no authority to recall a detainer issued by the U.S. Dept. of Justice to the Comm. Of Va. Dept. of Corrections." Id. ¶ 12, Attach. 12. The letter went on to say, "The court also has no jurisdiction to modify its sentencing order at this point. The matter can be addressed as deemed appropriate by the Dept. of Corrections." Id.

Lopez then filed a motion in the federal trial court seeking clarification of his sentences' concurrency. The district court reiterated that its earlier judgment imposed a term of imprisonment to run concurrent with the state sentence. Id. ¶ 13, Attach. 13.

B. **Petitioner's Administrative Remedies**

On September 6, 2012, Lopez filed an administrative remedy request with the Warden of his federal facility requesting transfer

4

to a state facility to begin his Virginia state sentence. Mem. Supp. Resp't's Mot. Dismiss, Ex. 2, Decl. of Rosalind Ellington ¶ 9 (ECF No. 10-2, at 4). The Warden denied this request on September 24, 2012. Id. Lopez appealed this denial to the BOP's Mid-Atlantic Regional Office on October 10, 2012, and the Regional Director denied it on January 3, 2013. Id. ¶ 10. Lopez appealed to the BOP's Central Office on February 7, 2013. Id. ¶ 11. The Central Office rejected his appeal because it did not include a copy of his institution-level administrative remedy request. Id. The Central Office instructed Lopez to resubmit his appeal in the proper form within fifteen days. Id. Rather than resubmit his appeal at the Central Office level, Lopez resubmitted it to the Regional Office, which rejected it for submitting at the wrong level. Id. ¶ 12. Lopez did not re-file the administrative appeal after this rejection. Id.

On January 30, 2018, Lopez filed a second administrative remedy request at the institution level seeking to have his federal and state sentences run concurrently. Id. ¶ 13. The institution rejected his appeal as untimely, referencing the dates of his VDOC detainer letter (September 25, 2007) and the federal court order "clarifying" that the federal sentence was imposed concurrent with

5

the state sentence (August 18, 2017[2]). Id. Lopez appealed the rejection to the Regional Office level, which rejected it as untimely, unsigned, and incomplete due to his failure to include a copy of the institution-level request. Id. ¶ 14. The Regional Office informed Lopez that he could resubmit with corrections and staff verification that the untimely filing was not his fault. Id. Lopez did not re-file his appeal. Id.

Lopez filed a third administrative remedy request on March 20, 2018. Id. ¶ 15. He again requested that the BOP run his federal and state sentences concurrently. Id. The Warden rejected his institutional request as untimely because it came more than 20 days after the VDOC detainer letter. Id. Lopez appealed to the Regional Office which rejected it as untimely and incomplete. Id. ¶ 16. The Regional Office instructed Lopez to resubmit with staff verification excusing his untimeliness. Id. Lopez did not resubmit but instead appealed his rejection to the Central Office. Id. ¶ 17. The Central Office rejected Lopez's appeal and told him to resubmit at the level of his original rejection with a staff memo excusing his late filing. Id. To date, Lopez has not done so, nor

---

[2] This date in BOP's records appears to be an error and presumably refers to the federal order dated September 18, 2017. See Crowe Decl. Attach. 13. The discrepancy is immaterial for present purposes.

6

has he filed any additional administrative remedy requests. Id. ¶¶ 17, 18.

## II. Legal Standard

The court must treat a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as a motion for summary judgment under Rule 56 if the motion presents matters outside the pleadings. Fed. R. Civ. P. 12(d). All parties must have an opportunity to present material pertinent to that motion. Id. Given the declarations and other records attached to each dispositive motion here, this Report will assess the matter under Rule 56.

Rule 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of demonstrating the basis for its motion. See Celotex Corp., 477

7

U.S. at 323. Once it does so, the burden shifts to the party opposing summary judgment to demonstrate the existence of a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 255.

### III. Discussion

Respondents Ormond and Clarke raise similar arguments to oppose Lopez's Petition. Neither disputes the core factual claim in the Petition—that the federal sentencing judge in Lopez's case expressly stated that his federal sentence was to run concurrent with the state sentence which had already been imposed. Rather, they both argue that given the procedural posture of the case, the federal judge's directive has no bearing on how VDOC administers Lopez's state sentence. Ormond also asserts that Lopez failed to exhaust his administrative remedies before seeking federal habeas relief. This Report recommends granting Respondents' motions because, even if the court excuses the exhaustion requirement, Lopez is not entitled to the relief he seeks in this action.

8

## A. Lopez Has Not Properly Exhausted His Administrative Remedies, But the Court Should Still Reach the Merits of His Petition

Ordinarily, federal prisoners must exhaust their administrative remedies prior to seeking relief under § 2241. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (Per Curiam) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). To satisfy this requirement, prisoners must comply with administrative procedures governing the review process. See Hrycuna v. Ormond, No. 2:18-cv-246, 2019 WL 1304250, at *4 (E.D. Va. Feb. 19, 2019), R&R adopted, 2019 WL 1302592 (E.D. Va. Mar. 21, 2019). Failure to exhaust a claim that is now barred under administrative rules may give rise to procedural default, preventing judicial review. See McClung, 90 F. App'x at 445-46. The exhaustion requirement protects administrative authority and promotes efficiency. Woodford v. Ngo, 548 U.S. 81, 89 (2006).

Unlike with certain other civil actions, however, the exhaustion requirement in habeas actions under § 2241 is judicially imposed and non-jurisdictional. See Santiago-Lugo v. Warden, 785 F.3d 467, 471, 474 (11th Cir. 2015). Courts may therefore excuse exhaustion in limited circumstances. See, e.g., Ramsey v. U.S. Parole Comm'n, 82 F. Supp. 3d 293, 300 (D.D.C. 2015) (excusing exhaustion where agency's lack of expertise defeated purposes of the requirement); Perkins v. Wilson, No. 2:13cv114, 2014 WL 792039, at *6 (E.D. Va. Feb. 24, 2014) ("[P]roper exhaustion may be waived

9

if administrative exhaustion would be futile."); Cushenberry v. Fed. Med. Ctr., 530 F. Supp. 2d 908, 911-12 (E.D. Ky. 2008) (excusing exhaustion when outcome of administrative review was effectively predetermined).

Although Lopez has filed numerous administrative remedy requests, he has not fully complied with BOP procedures in any single appeal. BOP offices at several levels rejected each of his three requests for reasons of untimeliness and incomplete documentation. Lopez acknowledges the exhaustion requirement in his Petition and subsequent briefing but does not meaningfully address his own failure to comply with BOP procedure. He contested the bases for rejection in his administrative filings themselves but failed to do so in the manner prescribed. See Pet. Attachments (ECF No. 1 at 43, 50) (disputing untimeliness based on date the request was placed in the prison mail system). Any attempts to renew those objections are likely to be fruitless, as the time limits set out in each rejection have elapsed. Thus, Lopez's claims appear procedurally defaulted.

Nonetheless, there are several reasons to excuse exhaustion in this case and consider the merits of Lopez's Petition. Requiring exhaustion here would do little to advance the goals identified by the Supreme Court. The record is fully developed and the facts are simple and clear. As described below, resolution of Lopez's claim turns entirely on a legal determination based on the undisputed

10

facts surrounding his custody. Cf. McCarthy v. Madigan, 503 U.S. 140, 145-46 (1992) (citing the value of exhaustion in cases presenting "a complex or technical factual context"), superseded by statute, Prison Litigation Reform Act of 1995, Pub. L. 104-134, 110 Stat. 1321. Although Lopez has not followed agency procedures to the letter, his repeated attempts to avail himself of administrative remedies make clear he is not attempting to subvert that system. See Thompson v. Wilson, No. 2:15cv148, 2015 WL 5682856, at *3-4 (E.D. Va. Sept. 25, 2015) (excusing exhaustion where prisoner filed multiple imperfect administrative remedy requests); cf. Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009) (enforcing exhaustion requirement against prisoner who made no attempts at administrative resolution before filing § 2241 petition). And demanding Lopez make a fourth attempt at exhaustion before he inevitably refiles his petition is highly inefficient when, as described below, his claim in this court clearly lacks merit. See Thompson, 2015 WL 5682856, at *4.

Accordingly, this Report concludes that although Lopez has not properly exhausted his administrative remedies, the court should still reach the merits of his Petition. Excusing exhaustion in this case will not prejudice the Respondents because, as detailed in the next section, Lopez has not (and cannot) show that he is entitled to relief in this court.

11

### B. Respondents Are Entitled to Summary Judgment Because Neither the BOP nor This Court Have Authority to Grant Lopez Relief

In his Petition, Lopez claims that the BOP is improperly administering his sentence by failing to grant a <u>nunc pro tunc</u> designation to a state facility for commencement of his state sentence. Lopez's claim fails on its merits because while BOP bears responsibility for administering his <u>federal</u> sentence, it lacks authority to dictate when his <u>state</u> sentence will commence. Furthermore, this court may not grant habeas relief as to the state sentence in the absence of a showing that such sentence violates the Constitution or federal law. As Lopez is unable to make such a showing here, both Respondents are entitled to summary judgment.

#### 1. The BOP lacks authority to grant Lopez a <u>nunc pro tunc</u> designation to a state facility in these circumstances

18 U.S.C. § 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment." In some cases, the BOP may designate a state facility for service of a federal sentence that is concurrent with a state sentence. <u>See</u> Fed. BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence (2003).[3] "Ordinarily, the reason for selecting the non-federal institution is that <u>primary custody resided with the non-federal jurisdiction</u> and the federal sentencing court intended its

---

[3] Available at https://www.bop.gov/policy/progstat/5160_005.pdf.

sentence be served concurrently with the non-federal sentence." Id. ¶ 9(a) (emphasis added); see also Rabb v. Wilson, No. 1:13cv999, 2015 WL 731475, at *4 (E.D. Va. Feb. 19, 2015). A nunc pro tunc designation is unavailable here because primary custody over Lopez rested with the federal jurisdiction at the time of his federal sentencing. As a result, his state sentence has not begun to run, and the BOP has no authority to order the state to commence it.

Primary custody rests with the first sovereign (i.e. the state or federal government) to arrest an individual. Harris v. Bureau of Prisons, 787 F. Supp. 2d 350, 355 (W.D. Pa. 2011). "The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition." Id. (emphasis added). A sovereign retains primary custody until it relinquishes it by, for example, granting bail or parole release, or until the sentence expires. Id. Temporary transfer of a prisoner to another sovereign pursuant to a writ of habeas corpus ad prosequendum does not relieve the transferor of primary custody. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

Virginia gained primary custody over Lopez when it arrested him on January 29, 2006. It relinquished that custody when it released him on bond. The federal government then acquired primary

13

custody when it arrested Lopez on March 13, 2007, while Lopez was on bond from state authorities. It retained primary custody despite temporarily transferring Lopez to state custody for sentencing pursuant to a writ of habeas corpus ad prosequendum. Thus, when Lopez returned to federal court for sentencing, his state sentence had been imposed but had not yet begun to run. When BOP inquired of VDOC whether it should begin to run, VDOC responded with a detainer, indicating Lopez would serve his state sentence consecutive to his federal sentence. Contrary to Lopez's arguments, "the federal government has no authority to prescribe when a state sentence will commence." Fed. BOP Program Statement 5160.05 ¶ 7(g). Because a nunc pro tunc designation to a state facility would necessarily require commencement of Lopez's state sentence, the BOP cannot unilaterally grant such a designation.

2. **VDOC is not bound by the federal sentencing order in administering Lopez's state sentence**

Lopez argues that he is entitled to a nunc pro tunc designation, and that the BOP has authority to grant it, under the Supreme Court's decision in Setser v. United States, 566 U.S. 231 (2012). But Lopez's conclusion regarding the BOP's authority does not follow from that decision. Contrary to Lopez's suggestion, the core holding in Setser has little to do with his present claim, and certainly does not suggest he is entitled to relief.

14

The petitioner in <u>Setser</u> was in primary custody of the state but received his federal sentence first. <u>Id.</u> at 233-34. The federal court sentenced him to a term of imprisonment consecutive to one anticipated state sentence and concurrent with another. <u>Id.</u> at 233. On appeal, the only question before the Supreme Court was whether the district court had discretion to impose a federal sentence consecutive to an <u>anticipated</u> state sentence. <u>Id.</u> at 233. The Supreme Court concluded it did. <u>Id.</u> at 236-37. It further rejected Setser's argument that any apparent incompatibility between the two sentences (state and federal) rendered the federal sentence unreasonable. <u>See id.</u> at 243-44. The Court explicitly recognized the occasionally hand-tying effect of the dual-sovereign criminal justice system:

> If a prisoner ... starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody. And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter.

<u>Id.</u> at 241. This language illustrates the real problem facing Lopez's federal habeas claim. Despite the federal sentencing judge's clear desire to impose a concurrent sentence, he had no ability to bind VDOC or the state court to begin a sentence so long as Lopez remained in federal custody.

15

Graham v. Va. Supreme Courts, No. 3:11cv14, 2011 WL 2838181 (E.D. Va. July 15, 2011), which is effectively identical to Lopez's case on its facts, illustrates the effect of this rule. In Graham, the petitioner was in primary custody of the United States but received his state sentence before his federal sentence. Id. at *1. The district court imposed a federal sentence concurrent with the prior state sentence. Id. In his habeas claim, Graham argued that the state's failure to commence his sentence until after he completed his federal sentence improperly modified the federal sentencing order in violation of his due process rights. Id. at *2. The court rejected Graham's claim, finding that the state had not modified the federal order at all. Id. at *3. The court therefore had no basis to grant relief.

Similarly, in Trowell v. Beeler, 135 F. App'x 590, 592 (4th Cir. 2005) (per curiam), the petitioner was in primary custody of Maryland but received his federal sentence first on a writ of habeas corpus ad prosequendum. The state court then sentenced him to a five-year prison term, to run concurrent with the federal sentence. Id. at 592. However, when Trowell sought a nunc pro tunc designation from the BOP designating his state facility for service of his federal sentence, the BOP denied it after consulting the district court. Id. at 592-93. Trowell later sought federal habeas relief challenging the denial. Id. at 593. Although the Fourth Circuit ultimately remanded the case after finding the BOP's

16

decision arbitrary and capricious, see id. at 594, it rejected Trowell's constitutional argument that the state court's imposition of a concurrent sentence required the BOP to grant a nunc pro tunc designation, id. at 593.[4]

As these cases illustrate, the key issue is one of primary versus secondary jurisdiction. Virginia, having only secondary jurisdiction, will not commence Lopez's state sentence until the BOP relinquishes jurisdiction. The state sentencing order did not specify whether Lopez's sentence was consecutive or concurrent with the federal sentence. In such circumstances, Virginia law treats the sentences as consecutive. Va. Code Ann. § 19.2-308. This does not constitute an unlawful modification of the federal sentencing order. Nor is there any basis to conclude that the state sentence violates the Constitution or federal law, a prerequisite to relief under § 2241. Respondents are therefore entitled to judgment as a matter of law.

---

[4] As Trowell observes, 18 U.S.C. § 3621(b) merely sets out the factors BOP must consider in exercising its discretion to designate a facility for service of a state sentence. See 135 F. App'x at 593. It does not, as Lopez suggests, confer on BOP the authority to designate a state facility in all circumstances it deems appropriate. See United States v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010) ("[T]he BOP cannot designate a place of confinement until [the prisoner] is in federal custody.").

Case 2:18-cv-00322-MSD-DEM Document 27 Filed 06/18/19 Page 18 of 20 PageID# 336

## III. Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes undisputed facts establish that Lopez's Petition does not state a claim for relief. Even if the court excuses his apparent failure to exhaust remedies at the state level, this court lacks any authority to order VDOC to commence Lopez's state sentence or designate Lopez's present federal facility for service of that sentence. This Report further concludes that Lopez has not demonstrated any infirmity in his state sentencing order as would warrant federal habeas relief under § 2241. Accordingly, this Report recommends the court GRANT Respondents Ormond and Clarke's Motions, (ECF Nos. 19 & 23), and DISMISS the Petition with prejudice.

## Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this report on the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days if service occurs by mail. A party may respond to any other party's objections within fourteen (14)

days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 18, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Tony Ervin Lopez**
71964-083
F.C.C. Petersburg (Low)
P.O. Box 1000
Petersburg, VA 23804

A copy of the foregoing was provided electronically this date to:

**Daniel Patrick Shean**
U.S. Attorney's Office (Norfolk)
101 W. Main Street
Suite 8000
Norfolk, VA 23510

**Liza Shawn Simmons**
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

_June 18_, 2019